IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| DAVIN D. CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16-cv-02333-JPM-cgc |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, TENNESSEE; and | ) |
| MEMPHIS POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING DEFENDANTS CITY OF MEMPHIS AND MEMPHIS POLICE DEPARTMENT'S MOTION ON THE PLEADINGS TO PARTIALLY DISMISS PLAINTIFF'S TITLE VII CLAIM**

Before the Court is Defendants City of Memphis and Memphis Police Department (collectively "Defendants")'s Motion on the Pleadings to Partially Dismiss Plaintiff's Title VII Claim, filed October 19, 2016. (ECF No. 19.) Plaintiff Davin Clemons filed a response in opposition on November 16, 2016. (ECF No. 21.) Defendants filed a reply on November 30, 2016. (ECF No. 22.) For the reasons stated below, the Court GRANTS Defendant's Motion on the Pleadings to Partially Dismiss Plaintiff's Title VII Claim as to Plaintiff's claim of discrimination based on sexual orientation WITH PREJUDICE, and as to Plaintiff's claim of discrimination based on gender stereotyping WITHOUT PREJUDICE.

**I.  BACKGROUND**

Plaintiff Davin Clemons, a TACT officer for Defendant Memphis Police Department, brings suit against Defendants City of Memphis and Memphis Police Department, for

1

damages and injunctive relief for discrimination, harassment, and retaliation against him based on his sexual orientation, his position at the police department as an LGBTQ Liaison, his disability, and his religion. Plaintiff asserts violations of Title VII of the Civil Rights Act, the Fourteenth Amendment and local ordinance, and the Americans with Disabilities Act. (Compl., ECF No. 1.)

Plaintiff's Title VII claim specifically seeks relief for "[t]he harassing and discriminatory actions, conduct and/or omissions . . . [that] were motivated by Officer Clemons' sex (male) in that sexual orientation discrimination encompasses treating an employee less favorably because of his sex (in that Officer Clemons did not conform to sex stereotypes and norms) . . . [and that occurred] because the other employees and [Plaintiff's] objected to [his] having romantic and sexual association with a male partner." (Id. ¶ 116.)

The alleged actions Plaintiff deems discriminatory based on his sex and sexual orientation include being told that superiors did not approve of Plaintiff's "homosexual lifestyle" (id. ¶¶ 47, 57); the circulation of Plaintiff's engagement video in the workplace in conjunction with Defendants' employees "mocking and making negative comments about the engagement of Officer Clemons to a same-sex male Officer and that Officer Clemons is gay" (id. ¶ 91); the disparate treatment by Defendants' employees of Plaintiff compared to heterosexual officers (id. ¶¶ 45, 69, 88); and the inconsistent application of department policies as applied to Plaintiff (id. ¶¶ 40-42, 48, 56, 58, 68-70, 78-80).

On October 19, 2016, Defendants moved to dismiss Plaintiff's Title VII claim, asserting that "Title VII prohibits discrimination based on sexual orientation, and Plaintiff has failed to state a claim for discrimination based on sex stereotyping." (ECF No. 19 at PageID

2

85.) Plaintiff argues that Title VII "should be read and interpreted to encompass discrimination due to sexual orientation," but even if the Court rejects this interpretation, "Plaintiff has asserted sufficient facts to support a claim of sex discrimination due to gender stereotyping and gender non-conforming conduct under Title VII." (ECF No. 20 at PageIDs 101-02.)

## II. LEGAL STANDARDS

### A. Motions to Dismiss for Failure to State a Claim Under Title VII

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008). A motion for judgment on the pleadings is treated the same as a motion to dismiss under Rule 12(b)(6). Id. Pursuant to Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . . A claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [T]he court need not accept as true allegations that are conclusory or require unwarranted inferences based on the alleged facts.

Newberry v. Silverman, 789 F.3d 636, 640 (6th Cir. 2015) (citations and internal quotation marks omitted).

"Plausibility is not the same as probability, but it requires 'more than a sheer possibility that a defendant has acted unlawfully.'" Mik v. Fed. Home Loan Mortg. Corp.,

3

743 F.3d 149, 157 (6th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  A court must "construe[] the complaint in a light most favorable to the plaintiff."  HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012).

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  "In order to establish a prima facie case of sex discrimination under Title VII, a plaintiff must show (1) that he is a member of a protected class, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was treated differently than a similarly situated individual outside the protected class." Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 762 (6th Cir. 2006).  Notably, for Title VII claims, the plaintiff is not required to establish a prima facie case to withstand a motion to dismiss for failure to state a claim.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002).  The Sixth Circuit has continued to apply Swierkiewicz's holding even after the Supreme Court's decisions in Twombly and Iqbal.  See Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012).

### B.     Title VII and Discrimination Based on Gender Stereotyping

The Sixth Circuit has recognized that, in light of the Supreme Court's opinion in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), the prohibition against gender discrimination in Title VII can extend to certain situations where the plaintiff fails to conform to stereotypical gender norms.  Smith v. City of Salem, 378 F.3d 566, 573 (6th Cir. 2004) (collecting cases). The anomalies to stereotypical gender norms, however, must be "characteristics that were

4

readily demonstrable in the workplace, such as the plaintiff's manner of walking and talking at work, as well as her work attire and her hairstyle . . . . [In essence,] where gender non-conformance is demonstrable through the plaintiff's appearance or behavior." Vickers, 453 F.3d at 763.

### C. Title VII and Discrimination Based on Sexual Orientation

The Sixth Circuit has dismissed "sex-stereotyping" claims that were "more properly viewed as harassment based on [the plaintiff's] perceived homosexuality, rather than based on gender non-conformity." Gilbert v. Country Music Ass'n, Inc., 432 Fed.Appx. 516, 519-20 (6th Cir. 2011) (quoting Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 763 (6th Cir. 2006)). In Gilbert, the Sixth Circuit found that the plaintiff's assertion—that a threat to be stabbed because of his sexual orientation was discrimination because he did not conform to his employer's male stereotypes—was simply a "formulaic recitation" of the elements of a gender-stereotyping claim and would not grant him Title VII protection for sexual orientation under a guise of a claim based on gender-stereotyping. Id. at 520 (quoting Vickers, 452 F.3d at 764; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) ("For all we know, Gilbert fits every male 'stereotype' save one—sexual orientation—and that does not suffice to obtain relief under Title VII.").

Since Gilbert, the Equal Employment Opportunity Commission ("EEOC") has issued a decision in Baldwin v. Foxx, EEOC Appeal No. 0120133080, stating that "allegations on the basis of sexual orientation necessarily state a claim of discrimination on the basis of sex" and therefore should be included within Title VII protection. 2015 WL 4397641,*10 (July 16, 2015). While at least one other circuit has recently noted in conjunction with the EEOC that "disentangling gender discrimination from sexual orientation discrimination may be

5

difficult," the Sixth Circuit has yet to comment on what, if anything, that decision may mean for claims based on sexual orientation discrimination. See Hively v. Ivy Tech. Community College, ___ F.3d ____, 2016 WL 4039703, *7-10 (7th Cir. July 28, 2016) (noting that Obergefell v. Hodges, 135 S. Ct. 2584, 192 L. Ed. 2d 609 (2015) was decided on constitutional grounds and did not "impact[ ] the statutory interpretations of Title VII" as it "did not address the issue of gender nor of workplace discrimination."). Until the Sixth Circuit or the Supreme Court provides further commentary on this issue, this Court is bound by Sixth Circuit precedent. Gilbert, 432 Fed.Appx. at 519-20 (6th Cir. 2011) (quoting Vickers, 453 F.3d at 763.

## III. ANALYSIS

### A. Plaintiff's Title VII Claim for Discrimination Based on Sexual Orientation

Sixth Circuit precedent clearly precludes Plaintiff's Title VII claim for discrimination based on sexual orientation. For this reason, the Court DISMISSES Plaintiff's Title VII claims of discrimination based on sexual orientation WITH PREJUDICE.

### B. Plaintiff's Title VII Claim for Discrimination Based on Sexual Stereotyping

Defendants contend that "[n]othing in Clemons' complaint supports a claim that he is being discriminated against for failing to conform to any gender norm, and his homosexuality alone is not sufficient." (ECF No. 19-1 at PageID 94.) Defendants specifically allege that Plaintiff "fails to set forth any actual examples of his non-conformance other than his sexual orientation. . . . [and that Plaintiff] does not allege that he has been the subject of discrimination because of his appearance or mannerisms are not masculine. Instead, [Plaintiff] concludes that his homosexuality is non-conforming." (Id. at PageID 95.) Plaintiff

6

asserts that he has pled "sufficient facts to support a claim of sex discrimination due to gender stereotyping and gender non-conforming conduct under Title VII." (ECF No. 20 at PageIDs 101-02.) Plaintiff specifically points to several assertions in his complaint where he asserts that he is the victim of sexual stereotyping (id. at PageIDs 100-02), and contends that "Plaintiff has not had an opportunity, as discovery is still open, to fully develop all the ways in which his allegations are supported by facts" (id. at PageID 103).

The Court first addresses Plaintiff's assertion that discovery is still pending, impeding Plaintiff from fully developing factual support for his legal allegations. The Court construes this assertion as a request for additional discovery, which is improper with regards to a motion to dismiss. Unlike motions for summary judgment, motions to dismiss are decided solely based on allegations and factual assertions contained in the relevant pleadings, as opposed to the facts developed in discovery. Accordingly, the Court DENIES Plaintiff's request for additional discovery and looks solely at the allegations in the Complaint when ruling on Defendants' Motion on the Pleadings to Partially Dismiss Plaintiff's Title VII Claim.

The Court finds that Plaintiff's Complaint fails to contain sufficient factual matter on its face that, when accepted as true, states a claim for discrimination based on gender stereotyping on which relief can be granted. A claim for discrimination based on gender stereotyping requires a claim that an observable, gender non-conforming characteristic subjected the plaintiff to discrimination. Vickers, 452 F.3d at 764. As the Complaint stands, Plaintiff alleges, with specific facts, that his homosexuality was the root of the harassment he experienced. (ECF No. 1 ¶¶ 57, 37.) Plaintiff then claims that the disparate treatment he endured based on his sexual orientation was "due to sexual stereotypes and, in particular, a belief that [he] was not sufficiently masculine, was too feminine, or due to a belief that men

7

should only date women, not other men." (ECF No. 1 ¶ 39.) Plaintiff's Complaint, however, does not allege an observable, non-conforming gender characteristic that subjected him to discrimination; [1] "[f]or all we know, [Plaintiff] fits every male 'stereotype' save one—sexual orientation—and that does not suffice to obtain relief under Title VII." Gilbert, 432 Fed.Appx. at 520. Plaintiff's Complaint appears to impermissibly seek Title VII protection for sexual orientation under a guise of a claim based on gender-stereotyping; and thus, the Court GRANTS the Motion on the Pleadings to Partially Dismiss Plaintiff's Title VII Claim as to Plaintiff's Title VII claim based on gender stereotyping WITHOUT PREJUDICE. The Court further grants Plaintiff leave to move to amend his Complaint to allege additional facts, if available, and to for conform to the requirements of Title VII and Sixth Circuit precedent.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion on the Pleadings to Partially Dismiss Plaintiff's Title VII Claim as to Plaintiff's claim of discrimination based on sexual orientation WITH PREJUDICE, and as to Plaintiff's claim of discrimination based on gender stereotyping WITHOUT PREJUDICE. Plaintiff may file a motion to amend his Complaint to conform to the requirements of Title VII and Sixth Circuit precedent. Plaintiff may move to file an amended complaint by no later than 14 days after the entry of this Order. Defendants may respond in accordance with local and federal rules.

---

[1] Notably, Plaintiff does allege one observable characteristic that became a specific focal point of harassment: his beard. (ECF No. 1 ¶¶ 54, 76.) Unlike other officers in his unit, Plaintiff was not clean-shaven. (Id. ¶ 55.) Plaintiff's Complaint highlights disparate treatment tied to this characteristic. (Id. ¶¶ 54, 76.) This observable characteristic, however, does not qualify as a gender non-conforming characteristic in this case because Plaintiff is male, self-identifies as male, and facial hair is considered a masculine characteristic.

8

**IT IS SO ORDERED**, this 28th day of December, 2016.

                                              /s/ Jon P. McCalla
                                              JON P. McCALLA
                                              UNITED STATES DISTRICT COURT JUDGE